IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STATE OF NEBRASKA ex rel. SYLVIA A BONNER, | ) ) ) | 4:08CV3030 |
| Plaintiff, | ) ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| FREDERICK E. McSWINE, | ) ) | |
| Defendant. | ) | |

Frederick E. McSwine, who is an inmate in the custody of the Nebraska Department of Correctional Services, has filed a notice of removal (filing 1) regarding a garnishee summons that was issued on January 31, 2008, by the District Court of Douglas County, Nebraska, at Docket 921, Page125. He has also filed a motion for leave to proceed in forma pauperis (filing 2).

This is McSwine's second attempt at having this court review the validity of a 1994 child support judgment that was entered against him in the state district court. On June 27, 2007, McSwine filed a notice of removal after the Nebraska Court of Appeals had already upheld the State's garnishment of his institutional account and determined that the underlying judgment was valid. *See State of Nebraska ex rel. Bonner v. McSwine*, 709 N.W.2d 691 (Neb.App. 2006). That attempted removal was dismissed *sua sponte* for lack of subject matter jurisdiction. *See State of Nebraska ex rel. Bonner v. McSwine*, No. 4:07CV3172, 2007 WL 2429056 (D.Neb. Aug. 22, 2007). The jurisdictional footing for the present action is no better.

While McSwine is correct in stating that the Eighth Circuit has held that a garnishment proceeding is a civil action within the meaning of 28 U.S.C. § 1441(a), *see Randolph v. Employers Mut. Liab. Ins. Co.*, 260 F.2d 461, 463-64 (8th Cir.1958)

(garnishee could remove garnishment proceeding to federal court where diversity of citizenship and jurisdictional amount were established), his alleged constitutional claims are not concerned with the garnishment proceeding, but, rather, they relate to the underlying judgment for child support. In other words, McSwine is attempting to collaterally attack that state court judgment in federal court. This type of review is prohibited. *See Skit Int'l, Ltd. v. DAC Technologies of Arkansas, Inc.,* 487 F.3d 1154, 1157 (8th Cir.) (*Rooker-Feldman* doctrine, which prohibits lower federal courts from exercising appellate review of state court judgments, is implicated where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it), *cert. denied*, 128 S.Ct. 495 (2007).

Accordingly,

IT IS ORDERED that:

1.    On the court's own motion, this case is remanded to state court pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

2.    The clerk of the court shall mail a certified copy of this order to the Clerk of the District Court of Douglas County, Nebraska, and may take any other action necessary to effectuate the remand; and

3.    Judgment shall be entered by separate document.

March 27, 2008.                      BY THE COURT:

                                              s/ *Richard G. Kopf*
                                              United States District Judge